OPINION OF THE COURT
PER CURIAM.
Lukito Hadisaputra, a native and citizen of Indonesia, petitions this Court for review of a final order of removal entered by the Board of Immigration Appeals (“BIA”). We will deny the petition.
In 2003, the Department of Homeland Security commenced removal proceedings against Hadisaputra, a fifty-five-year-old ethnic Chinese Christian who entered the United States in 1998 on a non-immigrant visitor visa. Hadisaputra conceded his overstay and applied for asylum, withholding of removal, relief under the Convention Against Torture (“CAT”), and, alternatively, voluntary departure. Hadisaputra sought relief due to alleged past persecution and a fear of future persecution based on his ethnicity and religion.
At a hearing before the Immigration Judge (“U”), Hadisaputra testified that he is married and has an adult child who attends a university in Indonesia. As a child in the 1960s, Hadisaputra attended a Chinese school until grade six, at which time the Indonesian government closed the *751 Chinese schools. After working in a family furniture business for ten years, Hadisa-putra was employed for approximately twenty-three years as a watch repairman for the Seiko company. During that time, Hadisaputra owned a home in a predominantly Muslim neighborhood in Surabaya, Indonesia. He was the neighborhood’s only ethnic Chinese Christian homeowner.
On December 31, 1995, a group of young Muslim males came to Hadisaputra’s home seeking to sell perfume. Hadisaputra refused to buy the perfume, and the group assaulted him and his wife, and threatened to burn down the home. Hadisaputra claimed that the assault was due to the fact that he was an ethnic Chinese Christian. Hadisaputra suffered bruises on the back of his head. His wife was diagnosed following the incident as having a heart condition that required surgery. Hadisa-putra’s home was looted and damaged but not burned. Hadisaputra’s Muslim neighbors intervened and convinced the young men not to burn the home. Hadisaputra reported the incident, but “there was no result from the police.” Hadisaputra then moved into the home of a sibling in the same neighborhood. He remained there for approximately three years without incident before leaving for the United States. His wife, child, and three siblings — all ethnic Chinese Christians — -remain in Indonesia unharmed.
On cross-examination, Hadisaputra added that he once witnessed an assault by Muslim men upon an ethnic Chinese man near a marketplace, and that these same men also assaulted Hadisaputra, causing minor injury. In addition, he recalled an incident in which thieves stole two motorbikes from his property. The bikes belonged to guests of Hadisaputra’s visiting brother-in-law. Hadisaputra believed that the theft was due to his ethnicity, and it apparently occurred prior to the 1995 assault incident. The thieves sought a ransom for the bikes, but Hadisaputra testified that he refused to pay.
The IJ denied asylum because Hadisa-putra untimely filed his application more than five years after arriving in the United States. The IJ also denied withholding of removal and CAT relief, but granted voluntary departure. The BIA dismissed Hadisaputra’s appeal, noting that because Hadisaputra did not contest the denial of asylum, review was limited to the withholding and CAT claims. The BIA held that Hadisaputra failed to establish a clear probability of persecution on account of a statutorily protected ground if removed to Indonesia. The BIA noted that the Indonesian government has sought to abolish restrictive laws directed at the ethnic Chinese, and it agreed with the IJ that the reasonableness of Hadisaputra’s fear of persecution is undermined by the continued presence in Indonesia of his wife, child, and siblings. The BIA also found that Hadisaputra failed to present evidence of a pattern or practice of persecution against ethnic Chinese Christians. Finally, the BIA agreed with the denial of CAT relief.
Hadisaputra timely filed a petition for review in this Court. We have jurisdiction under 8 U.S.C. § 1252(a). “Where, as here, the BIA issues a decision on the merits and not simply a summary affir-mance, we review the BIA’s, and not the Id’s, decision.” Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir.2006). “The BIA’s conclusions regarding evidence of past persecution and the well-founded fear of persecution are findings of fact, and we therefore review these conclusions under the deferential substantial evidence standard.” Id. We will uphold the BIA’s conclusions if they are supported by “ ‘reasonable, substantial, and probative evidence on the record considered as a whole.’ ” Id. (quoting INS v. Elias-Zacarias, 502 U.S. *752 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). “A BIA decision can only be reversed if the evidence is such that a reasonable factfinder would be compelled to conclude otherwise.” Id.
We must first consider which of Hadisa-putra’s claims are properly before this Court for review. Hadisaputra raised no challenge before the BIA to the IJ’s holding that the asylum claim is time barred. Consequently, because he failed to exhaust administrative review, see Mudric v. Att’y Gen., 469 F.3d 94, 97 (3d Cir.2006), and because, in any event, we lack jurisdiction to review a determination that an asylum application is time barred, Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir.2003), we do not review the asylum claim. In addition, we agree with the government that Hadisaputra’s brief in this Court does not properly assert a challenge to the BIA’s rejection of his CAT claim, and thus that issue is waived. See Lie v. Ashcroft, 396 F.3d 530, 532 n. 1 (3d Cir.2005). Our review, therefore, is limited to withholding of removal.
Hadisaputra contends that the BIA erred because his evidence established that he suffered past persecution in Indonesia, and assuming there is insufficient evidence of past persecution, he fears future persecution because of a pattern or practice of persecution against ethnic Chinese Christians in Indonesia.[1]
“The threshold for establishing eligibility for withholding of removal is higher than that for establishing entitlement to asylum and requires the alien to demonstrate a ‘clear probability* that, upon removal to the country of origin, his or her ‘life or freedom would be threatened on account of one of the statutorily enumerated factors.’ ” Obale v. Att’y Gen., 453 F.3d 151, 161 (3d Cir.2006) (quoting Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir.1998)). Hadisaputra can establish eligibility for withholding of removal either by demonstrating past persecution, which creates a rebuttable presumption of future persecution, or by showing that it is more likely than not that he will suffer future persecution. See 8 C.F.R. § 1208.16(b)(1)-(2).
Hadisaputra appears to argue that the treatment he received in Indonesia — the closing of his elementary school in the 1960s; the 1995 assault in his home; the assault in the marketplace; and the motorbike theft — cumulatively amount to past persecution. While we agree that these incidents are troubling, the record does not compel the conclusion that they rise to the level of “persecution.” See Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir.1993) (defining persecution as “threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom,” and explaining that persecution “does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional”); Wong v. Att’y Gen., 539 F.3d 225, 236 (3d Cir.2008) (observing that “harassment and discrimination do not constitute persecution”); Lie, 396 F.3d at 536 (holding that “two isolated criminal acts, perpetrated by unknown assailants, ... [are] not sufficiently severe to be considered persecution”).
As to future persecution, Hadisaputra makes no claim that he will be singled out upon return to Indonesia, and he argues instead that there exists a “pattern or practice” of discrimination against ethnic Chinese Christians. This argument, how *753 ever, is indistinguishable from those that we have rejected in the past. See Wong, 539 F.3d at 233-34 (rejecting as “without merit” the contention that “the State Department reports and other background materials document a pattern or practice of persecution of Chinese Christians in Indonesia” and observing that more recent State Department reports describe improved conditions); Lie, 396 F.3d at 537-38 (rejecting claim that evidence of past attacks upon Chinese Christians in Indonesia amounts to pattern or practice of persecution). The BIA also correctly observed that the continued presence in Indonesia of Hadisaputra’s wife, adult child, and siblings undermines his claimed fear of future persecution. See Wong, 539 F.3d at 236; Lie, 396 F.3d at 537.
For these reasons, we will deny the petition for review.[2]

. The government argues that Hadisaputra has waived the past persecution issue by failing to provide analysis or legal argument in his brief to support it. We conclude that Hadisaputra does offer a supporting analysis (albeit a poorly developed analysis), and thus we will address this issue on the merits.

. Hadisaputra's request for a stay of removal pending this Court’s review, see Petitioner’s Br. at 13, is denied as moot in light of our disposition.